BEATTY, APPELLANT, v. ALSTON, SUPT., APPELLEE█ .
[Cite as Beatty v. Alston (1974), 40 Ohio App. 2d 545.]

(No. 74AP—168—Decided June 18, 1974.)

*Mr. Robert P. App*, for appellant.
*Mr. James J. Hughes, Jr.*, City Attorney, *Mr. Daniel W. Johnson*, City Prosecutor, and *Mr. Michael C. Matuska*, for appellee.

WHITESIDE, J. Petitioner Forrest A. Beatty has appealed to this court from a judgment of the Franklin County Court of Common Pleas denying his requested writ of habeas corpus and finding that he is legally incarcerated.

On June 8, 1973, a jury returned a verdict finding petitioner guilty of petty larceny following a trial presided over by Judge Fais in the Franklin County Municipal Court. Judge Fais continued the matter of sentencing pending a presentence report and apparently released petitioner on bail.

On June 29, 1973, Judge Fais ordered a bond forfeiture and an order in. The petitioner was arrested on that warrant on February 23, 1974. At the same time, he was also ordered to appear in court on warrants for three traffic violations.

On February 25, 1974, petitioner was brought before

Judge Jenkins at the regular session of the morning arraignment court of the Franklin County Municipal Court. There was on the docket, apparently, not only the three traffic violations, but also the disposition of the case tried before Judge Fais. In any event, all of these were taken into consideration by Judge Jenkins and disposed of by him. As a result of plea bargaining, petitioner entered a no contest plea to two of the traffic charges, and the third was dismissed. Judge Jenkins imposed $50 fines on each of the traffic offenses. He also entered the sentence in case No. 1149, the petty larceny charge, imposing a fine of $50, plus costs of $201. Petitioner was then remanded to custody until such fines and costs were paid.

On the same day, Judge Fais learned of the disposition made in case No. 1149, the petty larceny charge, and, on his own motion, vacated the sentence imposed by Judge Jenkins and ordered sentencing to be held before him at 9 a. m., February 26, 1974. Judge Fais then proceeded, on February 27, 1974,[2] to enter sentence on the petitioner in case No. 1149, the petty larceny conviction. He sentenced petitioner to 60 days in the Columbus workhouse and imposed a fine of $200 and costs.

On February 28, 1974, petitioner filed a complaint in the Court of Common Pleas for a writ of habeas corpus, contending that: (1) the sentence imposed by Judge Jenkins was a final order and not appealable by the city or state; (2) Judge Jenkins had jurisdiction to impose the sentence in case No. 1149, Franklin County Municipal Court; (3) the action of Judge Fais in setting aside the order of Judge Jenkins was void for lack of jurisdiction and is not authorized either by his position as Chief Justice of the Franklin County Municipal Court, by the rules of criminal procedure, or by any local rule; and (4) that the resentencing of petitioner by Judge Fais is void because he lacked jurisdiction and because it constituted a violation of the double jeopardy provisions of the United States and Ohio Constitutions and is violative of due process of law.

---

[2]Apparently sentencing was continued one day.

The habeas corpus action apparently proceeded to some type of hearing before the Court of Common Pleas on March 7, 1974, at least the trial court so stated in its decision denying the writ of habeas corpus, rendered on March 28, 1974.

There is no transcript of proceedings filed herein. The factual statements set forth above are taken from the decision of the Court of Common Pleas, which, although it was not termed "separate findings of fact and law," sufficiently sets out the factual findings so that we are able to ascertain them. Included among the original papers of the trial court are certified transcripts of proceedings of the proceedings before Judge Jenkins on February 25, 1974, and before Judge Fais on February 27, 1974. One is file stamped in the Court of Common Pleas March 4, 1974, and the other March 8, 1974. There is no indication that there was any authorization for the filing of these transcripts or that they were considered evidence before the trial court by stipulation or otherwise. However, subsequent to filing his notice of appeal, petitioner filed a "Notice and Request to Transmit the Record," which includes the statement: "No evidence having been received in the Court below by hearing, no transcript of that proceeding is necessary." Unexplained is any basis for the decision of the trial court, there being no *evidence* in the record.

Petitioner filed his notice of appeal to this court on April 19, 1974, and raises a single assignment of error as follows:

"The trial court erred in finding that a judge of the Municipal Court has jurisdiction to increase the sentence already passed by another judge of that court on a person convicted of a misdemeanor; thus the trial court erred in denying the petition for a writ of habeas corpus."

Although, as indicated above, the record before us is somewhat confused, there seems to be no disagreement between the parties that the statements contained in the decision of the trial court accurately reflect the proceedings in the Municipal Court. Especially, there appears to be no disagreement on the following facts. Petitioner was

tried by a jury before Judge Fais, who continued sentencing for the purpose of a presentence report. Later, Judge Fais entered a bond forfeiture and order in, and petitioner was arrested thereon and appeared before Judge Jenkins, who imposed the sentence in the case tried before Judge Fais. Judge Fais, then, vacated the sentence imposed by Judge Jenkins and imposed his own sentence.

This case involves a problem that is inherent in multiple-judge courts. One principle would seem to be self-evident; namely, that one judge of a multiple-judge court has no jurisdiction to sit as a reviewing or appellate court, and reverse, vacate, or set aside judgments entered by another judge of the same court who had jurisdiction and was still a judge of the court and available for any matter pending therein.

The basic issue with which we are thus confronted, then, is whether or not Judge Jenkins had jurisdiction to impose sentence in the case which had been tried by a jury before Judge Fais. We find that he had no jurisdiction.

Crim. R. 32(A)(1) provides that sentence must be imposed without unnecessary delay, but the court may commit a defendant to bail pending sentence. Crim. R. 43 (A) requires that, except in extraordinary circumstances, the defendant be present for the imposition of sentence. These rules were complied with, and Judge Fais entered a bond forfeiture and order in, apparently so that defendant could be sentenced because he failed to appear.

Crim. R. 25(B) sets forth the circumstances under which a judge other than the trial judge may impose sentence, and reads as follows:

"If for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge, or, in the case of a single-judge division, by the Chief Justice of the Supreme Court of Ohio, may perform those duties. If such other judge is satisfied that he cannot perform those duties because he did not preside at the trial, he may in his discretion grant a new trial."

It is quite apparent from the findings of fact by the trial court herein that Judge Fais was able to perform the duties of the court after a verdict or finding of guilt in that he, on the same day that the sentence was entered by Judge Jenkins, vacated that sentence. Furthermore, Judge Jenkins was not designated by the administrative judge to impose sentence, inasmuch as Judge Fais is the administrative judge. We hold that the doctrine of *expressio unius est exclusio alterius* applies and that the only circumstance under which a judge, other than a judge before whom a defendant has been tried and found guilty, may impose sentence is the circumstance set forth in Crim. R. 25(B).

A judge of a multiple-judge court has no jurisdiction to impose sentence in a case not tried before him unless he has been designated to do so by the administrative judge of that court under circumstances where the judge before whom the defendant was tried is unable to perform the duties of sentencing. A sentence imposed by a judge other than the judge before whom a defendant has been tried and found guilty under circumstances other than those set forth in Crim. R. 25(B) is void. Accordingly, the sentence imposed by Judge Jenkins was void.

Even if the sentence imposed by Judge Jenkins were merely voidable rather than void, Judge Fais would have possessed jurisdiction to set it aside and impose the proper sentence. See the first paragraph of the syllabus of *In the Matter of Fenwick* (1924), 110 Ohio St. 350, which reads as follows:

"Where a court has passed an illegal sentence upon an accused, and, before the same has been journalized, at the same term and on the same day, brings the defendant into court, disregards said illegal sentence, and imposes a legal one, the fact that the defendant has been in the custodial care of the sheriff without commitment papers, in the interim between the first and the second sentence, is no ground for setting aside the legal sentence."

See, also, the syllabus in *Lee* v. *State* (1877), 32 Ohio St. 113, which reads as follows:

"1. Where a court, in passing sentence for a misde-

meanor, has acted under a misapprehension of the facts necessary and proper to be known in fixing the amount of the penalty, it may, in the exercise of judicial discretion and in furtherance of justice, at the same term, and before the original sentence has gone into operation or any action has been had upon it, revise and increase or diminish such sentence within the limits authorized by law.

"2. In the absence of anything on the record showing what the facts were, that were misapprehended, or upon which the court acted in making such revision of its sentence, the reviewing court will presume that the court below acted upon sufficient and valid information, such as would have been proper to have, in fixing the first sentence, and was in the exercise of a sound judicial discretion, and in furtherance of justice and the due administration thereof."

Accordingly, the trial court was correct in denying the requested writ of habeas corpus since the sentence imposed by Judge Fais was the only valid sentence imposed. The assignment of error is not well taken.

Although there is some comment in the record that judge-shopping was involved, there is no indication that petitioner or his counsel in any way had any part in determining how, or before whom, the matter would be heard, on February 25, 1974. In any event, it is seldom that there can be successful judge-shopping unless there is a judge who is willing to be "shopped."

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TROOP, P. J., and STRAUSBAUGH, J., concur.